**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0613-18T3

FRIENDS OF HISTORIC
FLEMINGTON, LLC,
GARY SCHOTLAND, and
LOIS K. STEWART,

      Plaintiffs-Appellants,

v.

BOROUGH OF FLEMINGTON,
BOROUGH COUNCIL OF THE
BOROUGH OF FLEMINGTON,
and THE PLANNING BOARD OF
THE BOROUGH OF FLEMINGTON,

      Defendants-Respondents.

_____

FLEMINGTON CENTER URBAN
RENEWAL, LLC,

      Intervenor-Respondent.

_____

Submitted January 21, 2020 – Decided May 6, 2020

Before Judges Messano, Ostrer and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Hunterdon County, Docket No. L-0290-17.

Maley Givens, PC, attorneys for appellants (M. James Maley, Jr. and Erin E. Simone, on the briefs).

McManimon, Scotland & Baumann, LLC, attorneys for intervenor-respondent Flemington Center Urban Renewal, LLC (William W. Northgrave and Ted Del Guercio, III, on the brief).

McNally, Yaros, Kadzynski & Lime, LLC, attorneys for respondent The Borough of Flemington, and Maraziti Falon, LLP, attorneys for respondents Borough of Flemington and The Borough Council of the Borough of Flemington, join in the brief of intervenor-respondent Flemington Center Urban Renewal, LLC.

PER CURIAM

This appeal results from plaintiffs' unsuccessful challenge in the Law Division to the Flemington Borough Council's July 2017 resolution designating certain properties as an area in need of redevelopment. Plaintiffs claim the trial court committed legal and factual errors. We are unpersuaded and affirm.

In March 2017, the Borough Council adopted a resolution directing the municipal Planning Board to investigate and hold public hearings to determine if certain properties (the Study Area) should be designated "an area in need of

A-0613-18T3

redevelopment."[1]  Years earlier, in 2010, the Borough had designated the historic Union Hotel, which was vacant since 2008, as an area in need of redevelopment.  The redevelopment area at that time consisted solely of one lot, upon which sat the hotel and a parking area to its rear.  After the designated developer failed to fulfill its obligations, the Borough cancelled the redeveloper agreement.  The Planning Board conducted another study in 2014, expanded the redevelopment area by adding additional properties adjacent to the hotel (the 2014 redevelopment area), and the Borough adopted the new plan and designated a different redeveloper.  Those efforts also failed.  In 2016, the Borough entered negotiations with John J. Cust, Jr., and ultimately conditionally designated him as redeveloper of the 2014 redevelopment area.  Cust's conceptual plan envisioned other uses in an even more expanded redevelopment area.

Citing the two unsuccessful prior development attempts, the Borough Council's March 2017 resolution stated there was a need to expand the redevelopment area "beyond hotel and residential uses by including uses such as retail, educational, cultural and medical" in order to "arrest and reverse the

---

[1]  Except when necessary to distinguish them, we refer to the municipal defendants as "the Borough" throughout this opinion.

lack of proper development[.]" The Study Area was comprised of only six properties immediately adjacent to or directly across the street from the 2014 redevelopment area. Also, in March 2017, the Borough Council passed a resolution authorizing execution of a redeveloper agreement with Cust's single-purpose entity, intervenor Flemington Center Urban Renewal, LLC (FCUR).

In April 2017, the Borough executed a redevelopment agreement with FCUR. Notably, the agreement included the Borough's representation and warranty that in addition to those properties already included in the 2014 redevelopment area, the properties in the Study Area would be designated areas in need of redevelopment.

The Planning Board completed its investigation in May. Without finding that the properties in the Study Area themselves met the statutory criteria as an area in need of redevelopment, see N.J.S.A. 40A:12A-5, the report of the Borough's planning expert, Elizabeth McManus, cited N.J.S.A. 40A:12A-3 and concluded that the properties were "necessary for the effective redevelopment of the [2014 redevelopment area]."

N.J.S.A. 40A:12A-3 defines certain terms used in the Local Redevelopment and Housing Law, N.J.S.A. 40A:12A-1 to -89 (the LRHL), and provides in pertinent part:

A-0613-18T3

"Redevelopment area" or "area in need of redevelopment" means an area determined to be in need of redevelopment pursuant to [N.J.S.A. 40A:12A-5 and -6] . . . . A redevelopment area may include lands, buildings, or improvements which of themselves are not detrimental to the public health, safety or welfare, but the inclusion of which is found necessary, with or without change in their condition, for the effective redevelopment of the area of which they are a part.

[(Emphasis added).]

The Planning Board held a public meeting in June at which McManus testified. Plaintiff Friends of Historic Flemington, LLC (Friends) — a non-profit group of objectors — produced a professional planner as an opposing witness; members of the public also testified. After the hearing, the Planning Board unanimously voted to recommend designation of the Study Area as an area in need of redevelopment. In July 2017, the Borough Council adopted a resolution (the July 2017 resolution) designating the Study Area as a "[n]on-[c]ondemnation [r]edevelopment [a]rea[.]"

Friends, joined by two individuals who owned properties near the Study Area, filed a complaint in lieu of prerogative writs challenging the July 2017 resolution. The Borough and Planning Board filed answers. Following oral argument, the Law Division judge issued a comprehensive oral opinion rejecting

plaintiffs' arguments. He entered an order dismissing their complaint, and this appeal ensued.[2]

Before us, noting McManus's recognition that the Study Area did not satisfy the statutory criteria for designation as an area in need of redevelopment pursuant to N.J.S.A. 40A:12A-5, plaintiffs claim that N.J.S.A. 40A:12A-3 alone cannot provide the basis to declare an area "in need of redevelopment" pursuant to the LRHL. As a corollary argument, plaintiffs contend the July 2017

---

[2] Plaintiffs' appendix documents certain events that transpired after passage of the July 2017 resolution. For example, a January 2018 consent case management order, entered in the Law Division after the pleadings were filed, states that in December 2017, the Borough Council "adopted an amended redevelopment plan for the redevelopment area at issue in this matter." The consent order tolled plaintiffs' right to challenge that municipal action until thirty days after the court decided the prerogative writs litigation. The record is silent as to whether plaintiffs ever challenged the adoption of the amended redevelopment plan.

The appendix also includes a September 2018 consent order filed in different litigation in which plaintiffs were challenging a site plan application filed by FCUR that included the properties in the Study Area. This consent order stated that FCUR was proceeding at its "own risk[,]" and that any "[v]ested [r]ights" FCUR might otherwise obtain under the Municipal Land Use Law did not apply to "any change that may occur" as a result of plaintiffs' challenges "concerning the redevelopment areas in which the [Study Area] properties are situated or the Union Hotel Redevelopment Plan."

None of the parties to this appeal, nor intervenor, has discussed what implications, if any, these consent orders and related proceedings in the Law Division have upon the arguments raised for our consideration.

A-0613-18T3

resolution violated the "Blighted Areas Clause of the New Jersey Constitution." See N.J. Const. art. VIII, § 3, ¶ 1. They also argue that the Borough improperly delegated its sole legislative authority to declare an area in need of redevelopment when it agreed to do so pursuant to the 2016 redeveloper agreement. Plaintiffs further contest the judge's finding of "substantial evidence" that addition of the Study Area to the existing 2014 redevelopment area was necessary for the success of the endeavor.

We have considered these arguments in light of the record and applicable legal standards. We affirm.

I.

"[P]lanning boards and governing bodies . . . have an obligation to rigorously comply with the statutory criteria for determining whether an area is in need of redevelopment[,] . . . [but] after the municipal authorities have rendered a decision . . . that decision is 'invested with a presumption of validity.'" 62–64 Main St., LLC v. Mayor & Council of Hackensack, 221 N.J. 129, 156–57 (2015) (quoting Levin v. Twp. Comm. of Bridgewater, 57 N.J. 506, 537 (1971)). "'Judicial review of a blight determination' must be informed by an understanding 'of the salutary social and economic policy' advanced by redevelopment statutes." Id. at 157 (quoting Levin, 57 N.J. at 537).

A-0613-18T3

While courts do not serve as "a rubber stamp" for the municipality's decision, "[s]o long as the blight determination is supported by substantial evidence in the record, a court is bound to affirm that determination." Ibid. (citing Gallenthin Realty Dev., Inc. v. Borough of Paulsboro, 191 N.J. 344, 372–73 (2007)). Nonetheless, it is the court's function to construe a statute and determine whether it passes constitutional muster. Gallenthin, 191 N.J. at 358–60.

"A delineated area may be determined to be in need of redevelopment if, after investigation, notice and hearing . . . the governing body . . . concludes that within the delineated area any of . . . [eight] conditions is found[.]" N.J.S.A. 40A:12A-5. It is undisputed that none of the six lots included in the Study Area fit any of the eight statutory categories.

However, "[e]ven if [a lot], standing alone, d[oes] not meet the definition of blight, it still might be properly categorized as part of an area in need of redevelopment. Blight determinations are not viewed in a piecemeal fashion." 62-64 Main St., 221 N.J. at 161 (citing Levin, 57 N.J. at 539); see also, Gallenthin, 191 N.J. at 372 ("[N]on-blighted parcels may be included in a redevelopment plan if necessary for rehabilitation of a larger blighted area[.]"); Vineland Constr. Co. v. Twp. of Pennsauken, 395 N.J. Super. 230, 251 (App.

Div. 2007) ("[I]t is not necessary that every property within the area designated for redevelopment be substandard provided that the 'area as a whole qualifies' for redevelopment." (quoting N.J.S.A. 40A:12A-3)). Whenever the challenge is to the inclusion of non-blighted properties within a delineated redevelopment area, the Court has clearly circumscribed the scope of our review:

> The fact that such an area includes some sound homes or buildings, or even that incorporated therein as an integral part and necessary to the accomplishment of the redevelopment plan, is a portion of the municipality containing structures which are not substandard, is not sufficient to provoke a judicial pronouncement that the Legislature unreasonably surrendered its prerogatives and duties. And [,] moreover, where[]as in this instance the guides for the subordinate agency action are adequate, the courts will not interfere with the boundary lines adopted in the absence of palpable abuse of discretion.
>
> [Wilson v. City of Long Branch, 27 N.J. 360, 379 (1958) (citing City of Newark v. N.J. Turnpike Auth., 7 N.J. 377, 385 (1951)).]

We reject the false dilemma plaintiffs pose throughout the statutory and constitutional arguments in their brief, i.e., whether N.J.S.A. 40A:12A-3's definition of an "area in need of redevelopment" provides an independent ground for designation. Those arguments ignore the entire context of the controversy. Simply put, contrary to plaintiffs' position that the Borough approved a "stand alone" redevelopment area, the record amply supports the conclusion that the

Borough never viewed the Study Area as anything other than part of a larger area in need of redevelopment.

Additionally, the validity of the Borough's early determination that the 2014 redevelopment area was an area in need of redevelopment is simply not before us, and we reject the suggestion that the Borough was required by the LRHL to conduct a new study of the entire area. See also Powerhouse Arts Dist. Neighborhood Ass'n v. City Council of Jersey City, 413 N.J. Super. 322, 336 (App. Div. 2010) (rejecting the plaintiffs' assertion that an amendment to a redevelopment plan that incorporated a redevelopment area blighted decades earlier required they be "reevaluated together pursuant to N.J.S.A. 40A:12A-5").

McManus's report explained how the overall prospects of redevelopment benefitted from the inclusion of the Study Area properties into the then-existing 2014 redevelopment area. During her testimony before the Planning Board, she explained in detail the prior efforts to redevelop the area, with the historic Union Hotel as its cornerstone, and the shortcomings of those efforts. McManus discussed the Study Area properties' "physical relationship to the existing Union Hotel redevelopment area[,]" explaining in detail how both "tracts" of properties enhanced the prospects for successful redevelopment of the entire area. In

addition, the July 2017 resolution explicitly approved the "inclusion" of the Study Area properties into the existing redevelopment plan. The Court in Gallenthin specifically recognized the possibility that additional properties may be added to an existing redevelopment area when necessary if that municipal determination were supported by the record evidence. 191 N.J. at 372; see also Casino Reinvestment Dev. Auth. v. Birnbaum, 458 N.J. Super. 173, 188 (App. Div. 2019) ("Courts have recognized that there are inherent uncertainties in the redevelopment process . . . .").

Plaintiffs would have us turn a blind eye to all that preceded the passage of the July 2017 resolution and accept what the record belies. The Borough was not delineating a stand-alone redevelopment area that failed to meet the criteria of the LRHL. Rather, the Borough was attempting to address, in a rational and considered way, the past failures and shortcomings of prior attempts to develop the Union Hotel redevelopment area. When viewed in its entirety, and in the proper context, this record "contains more than a bland recitation of applicable statutory criteria and a declaration that [the] criteria [for designation] are met." Gallenthin, 191 N.J. at 373. It supports our restrained review of the Borough's actions in this case. We cannot conclude that the July 2017 resolution violated the LHRL or the New Jersey Constitution.

II.

Plaintiffs contend that N.J.S.A. 40A:12A-8 sets a precise procedure for designation of a redeveloper and does not permit execution of a redevelopment agreement for properties not included in the redevelopment area. Plaintiffs assert that because the agreement in this case included the Borough's promise and warranty to designate the Study Area as an area in need of redevelopment, the Borough improperly delegated its sole authority under the LRHL to FCUR. We disagree.

"Upon the adoption of a redevelopment plan . . . [a] municipality" may "contract with . . . redevelopers for the . . . undertaking of any project . . . ." N.J.S.A. 40A:12A-8(f) (emphasis added). The trial judge focused his attention on subsection (k), which permits the municipality to "[r]equest that the [p]lanning [b]oard recommend and governing body designate particular areas as being in need of redevelopment . . . and make recommendations for the redevelopment or rehabilitation of such areas." He reasoned that the redeveloper contract with FCUR permitted the Borough to pass the May 2017 resolution requesting the Planning Board's investigation of the Study Area, and, therefore, the contract was not an ultra vires delegation of municipal authority.

A-0613-18T3

Without necessarily adopting the judge's reasoning, we reject plaintiffs' argument based on the language of the redeveloper agreement itself. Section 2.1 of the agreement states:

> It is expressly understood and acknowledged by the parties, [] that the execution of this Agreement does not apply to or impact any properties in the [2017 Study] Area unless and until such properties are duly-designated as an area in need of redevelopment and a redevelopment plan is adopted, pursuant to the [LRHL].

Contrary to plaintiffs' assertion, the Borough did not contract away its authority to proceed in accordance with the LRHL by first authorizing the Planning Board to study the additional properties, hold public hearings, and make recommendations; the redeveloper agreement did not relieve the Borough of its obligations under the LRHL to either adopt or reject those recommendations and thereafter approve a designated redevelopment area as appropriate.

Finally, plaintiffs contend that substantial evidence did not support the trial court's finding that the Study Area properties were necessary to the success of the redevelopment plan as amended. Plaintiffs recognize that they did not raise this specific argument before the trial judge.

We generally refuse to consider issues not presented to the trial court. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). However, during oral

13

argument, plaintiffs' counsel did assert that the Study Area was designated an area in need of redevelopment because of the terms of the redeveloper agreement and FCUR's desire to include the properties in an expanded redevelopment area, rather than because of any need to correct circumstances that led to past failures in developing the Union Hotel area. We therefore consider the argument and reject it.

We start with the presumption that the Borough's decision was valid. 62–64 Main St., 221 N.J. at 157. However, a municipality's designation of an area as one in need of redevelopment must be "supported by substantial evidence[,]" as explicitly required by the LRHL. Powerhouse Arts Dist., 413 N.J. Super. at 332 (quoting N.J.S.A. 40A:12A-6(b)(5)); see ERETC, LLC v. City of Perth Amboy, 381 N.J. Super. 268, 277–78 (App. Div. 2005). Plaintiffs' recitation of past efforts to redevelop the Union Hotel, and their opinions as to why they failed, are insufficient to carry the burden they must bear in attacking municipal action. See, e.g., Concerned Citizens of Princeton, Inc. v. Mayor & Council of Princeton, 370 N.J. Super. 429, 453 (App. Div. 2004) ("[T]he burden is on the objector to overcome the presumption of validity by demonstrating that the redevelopment designation is not supported by substantial evidence, but rather is the result of arbitrary or capricious conduct on the part of the municipal

14

authorities.") (citing <u>Levin</u>, 57 N.J. at 537; <u>Bryant v. City of Atlantic City</u>, 309 N.J. Super. 596, 610 (App. Div.1998)).

As already noted, McManus's report, her testimony before the Board, and the Borough Council's resolution which clearly linked the Study Area to the success of any development of the 2014 redevelopment area demonstrates the Borough's actions were not arbitrary, capricious or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0613-18T3